IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kerri Ray, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:13-2013-SB-BHH |
| v. ) | |
| ) | **ORDER** |
| Francis M. Simon and Beaufort County, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court upon Plaintiff Kerri Ray's ("Ray") complaint, which alleges sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–e17 and 42 U.S.C. § 1981, as well as state law claims for breach of contract, negligence, and outrage or intentional infliction of emotional distress. On July 26, 2013, Defendant Beaufort County filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and on July 29, 2013, Defendant Francis M. Simon ("Simon") also filed a motion to dismiss. The matter was referred to United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C.[1]



On February 14, 2014, the Magistrate Judge issued a report and recommendation ("R&R"), outlining the issues and recommending that the Court grant Defendant Beaufort County's motion to dismiss and that the Court grant in part Defendant Simon's motion. Both Ray and Simon filed objections to the R&R, and the matter is ripe for review.

---

[1] This case is related to another suit brought against the same Defendants by Tiffany Poloschan for comparable conduct. See Poloschan v. Simon, Civil Action No. 9:13-cv-1937-SB-BM.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making the final determination remains with the Court. Mathews v. Weber, 423 US. 261, 269 (1976). The Court reviews de novo those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II. Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombley, 550 U.S. 544, 556, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The court must accept all well-pleaded facts as true and construe these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the claim. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009). Legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pleaded facts for Rule 12(b)(6) purposes. See id. at 255. To survive a Rule 12(b)(6) motion, a complaint must give the defendant "fair notice

2

of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).

## ANALYSIS

As an initial matter, no party objected to the Magistrate Judge's statement of the facts. After review, the Court finds that the Magistrate Judge's factual recitation accurately reflects the record, and the Court adopts this portion of the R&R. Summarized briefly, in her complaint and attached notarized statement, the Plaintiff, who was employed as a deputy clerk in the Beaufort County Probate Court, alleges that she was subject to a hostile work environment as a result of various allegations of sexual harassment perpetrated by her supervisor, Beaufort County Probate Judge Francis M. Simon. She has sued Beaufort County and Probate Judge Simon pursuant to Title VII of the Civil Rights Act of 1964, and she has alleged state law claims for breach of contract, outrage, and negligence.

### Defendant Beaufort County

In the R&R, the Magistrate Judge first considered Defendant Beaufort County's motion to dismiss. The Magistrate Judge noted that although the Plaintiff alleges in her complaint that she was an employee of Beaufort County, in South Carolina a county has "no authority over the personnel actions of Probate employees" because such employees are "employees of an elected official, the Probate Judge, and [are] not County employees . . . ." Walters v. Orangeburg County, No. 99-1115, 2000 WL 33417008, *5 (D.S.C. Aug. 1, 2001) (internal citations omitted) (citing Amos-Goodwin v. Charleston County Council, 1998 WL 610650, at *1 (4th Cir. Aug. 27, 1998) (finding that employees of the Probate Court were at-will employees of the Probate Judge, and that the authority of the County to

3

employ and discharge County personnel did not extend to any personnel employed in departments or agencies under an elected official)). Because the Plaintiff is a deputy clerk of the Probate Judge and thus an at-will employee of the Probate Judge, the Magistrate Judge determined that the Plaintiff could not state a plausible claim that Beaufort County was her employer for purposes of a Title VII civil rights action. Therefore, the Magistrate Judge recommended dismissal of this claim against the County. No party objected to this conclusion and the Court finds no clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note). Accordingly, the Court adopts this recommendation.

Next, the Magistrate Judge determined that because the Plaintiff was not employed by Beaufort County, she also could not state a plausible claim for negligence against the County based on its alleged failure to adopt an effective policy for the discovery and reporting of sexual harassment, or its allowing a pervasive atmosphere of sexual harassment to exist in Judge Simon's office. Therefore, the Magistrate Judge recommended that the Court dismiss the Plaintiff's negligence claim against the County. Likewise, the Magistrate Judge recommended that the Court dismiss the Plaintiff's breach of contract claim against the County based on the fact that the Plaintiff was not an employee of the County and had no contract with the County. Finally, the Plaintiff conceded that even if the County were her employer, the exclusivity provision of the South Carolina Workers' Compensation Act would bar her claim for outrage against the County.



4

Based on the Plaintiff's concession, and because the County is not responsible for the conduct of Defendant Simon and cannot be held vicariously liable for it, the Magistrate Judge recommended that the Court dismiss the Plaintiff's claim for outrage against the County. No party objected to the Magistrate Judge's recommendation that the Court dismiss the Plaintiff's breach of contract and outrage claims against Defendant Beaufort County, and the Court finds no clear error and therefore adopts these recommendations.

The Plaintiff did object, however, to the Magistrate Judge's recommendation that the Court dismiss her negligence claim against Beaufort County. The Plaintiff claims that her employment status is not an essential element of her negligence claim, and she submits that Beaufort County owed her a duty, not necessarily as her employer, but as the owner and operator of the courthouse.

Beaufort County filed a reply to the Plaintiff's objections, pointing out that the County has no authority over Probate Judge Simon because he was an elected official of the state's unified judiciary. (Entry 24 at 2 (citing Robinson v. McBride, 2013 WL 2099491, *4 (D.S.C. April 12, 2013) ("By virtue of Article V [of the South Carolina Constitution], . . . [c]ount[ies] do not exercise administrative or supervisory authority over municipal courts, magistrates' courts, probate courts, family courts, or circuit courts of the State of South Carolina located within their geographical boundaries.").) Beaufort County argues that it had no authority to adopt policies that would apply to Simon or the Plaintiff, and that it owed no duty to train the Plaintiff or Defendant Simon, or to control Defendant Simon's conduct. In addition, Beaufort County asserts that its statutory duty to provide office space, see S.C. Code Ann. § 4-1-80, does not amount to a statutory duty to control the operations of the court or the Probate Judge. Accordingly, Beaufort County asks that the Court affirm

9:13-cv-02013-SB-BHH    Date Filed 04/10/14    Entry Number 26    Page 6 of 7

the R&R and dismiss the negligence claim.

After review, the Court agrees with Beaufort County and finds the Plaintiff's objection to be without merit. Stated simply, the Court finds that the County owed no duty to the Plaintiff, as the County had no authority over the operations of the court or the conduct of Defendant Simon. Accordingly, the Court adopts the Magistrate Judge's recommendation and dismisses the Plaintiff's negligence claim against the County.

**Defendant Simon**

Defendant Simon filed a motion to dismiss the Plaintiff's second cause of action for breach of contract and her third cause of action for outrage, or intentional infliction of emotional distress. The Magistrate Judge considered the Defendant's arguments and recommended dismissal of the breach of contract claim but not the outrage claim. No party objected to the Magistrate Judge's recommendation that the Court dismiss the breach of contract claim, and, finding no clear error, the Court adopts that recommendation.

With respect to the outrage claim, however, Defendant Simon objected to the Magistrate Judge's recommendation, arguing that the Plaintiff has failed to allege facts sufficient to state a claim. Specifically, Defendant Simon contends that the alleged wrongful conduct, which was all verbal communication, is not so extreme as to constitute the tort of outrage as a matter of law. The Magistrate Judge specifically considered this argument and rejected it, outlining the alleged outrageous statements[2] and noting that the



---

[2] For example, the Defendant allegedly: asked the Plaintiff to come to his house and try on his deceased wife's clothing; told the Plaintiff about a woman who wore low cut shirts and looked like a "whore"; told the Plaintiff that Sun City was called "Sin City" because everyone was "'fucking' their brains out over there because all the men took

6

alleged conduct was perpetrated against the Plaintiff not by a co-worker, but by her boss, who had the power to hire and fire her. After review, the Court fully agrees with the Magistrate Judge's recommendation and finds that, at this time, dismissal of the Plaintiff's outrage or intentional infliction of emotional distress claim is not warranted. Defendant Simon's objection is overruled.

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that the R&R (Entry 19) is adopted and incorporated herein; Defendant Simon's objections (Entry 21) and the Plaintiff's objections (Entry 22) are both overruled; Defendant Beaufort County's motion to dismiss (Entry 5) is granted and Beaufort County is dismissed as a party Defendant; and Defendant Simon's motion to dismiss (Entry 6) is granted in part and denied in part. Specifically, the Court grants Defendant Simon's motion insofar as to the Plaintiff's breach of contract claim but denies his motion as to the Plaintiff's outrage claim.

IT IS SO ORDERED.

_____
Sol Blatt, Jr.
Senior United States District Judge

April 9, 2014
Charleston, South Carolina

---

Viagra and all the women were too old to get 'knocked up'"; spoke to the Plaintiff about his exploits with a black woman and about how, generally, black women love him; asked whether the Plaintiff was wearing "panties" under her sundress because she "didn't have to in a dress like that"; told the Plaintiff that he was growing out his mustache because the ladies "loved the tickle" and that he "loved to go downtown and was quite good at it"; told her, after she acknowledged that she was tired, that sex would help her sleep; told the Plaintiff that he was "fucking so much that it was messing with his tennis game and his stamina"; told the Plaintiff that he could "out last and out perform any man half [his] age"; and repeatedly joked about the plaintiff bringing him "milk" in front of other people and started calling the plaintiff "baby" around the office. (Entry 1-1.)